IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BRENDA LEE FORD, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | Civil Action No. 4:15-CV-423-Y |
| § | |
| UNITED STATES ATTORNEY § | |
| GENERAL, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by petitioner, Brenda Lee Ford, a federal releasee, against the United States attorney general, Respondent.

After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

In 1995 Petitioner was convicted in this Court of possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(A) and 846, and sentenced to an aggregate 324-month term of imprisonment. (J., United States v. Ford, Criminal Docket # 4:95-CR-016-Y, ECF No. 82.) Her sentence was later reduced to an aggregate term of 262 months. (*Id.,* ECF No. 202.) Petitioner has served her period of incarceration and is now serving her term of

supervised release. She has filed a plethora of post-conviction motions and other papers challenging her convictions and/or sentences in this Court. By way of this petition, Petitioner attempts to challenge her convictions under this Court's § 2241 jurisdiction on the basis that she is actually innocent of the offenses in light of newly discovered evidence under the Supreme Court's decision in *McQuiggin v. Perkins,* — U.S. —, 133 S. Ct. 1924 (2013); that the government presented fraudulent information to the grand jury and perpetrated fraud on the Court; and that the Supreme Court's decision in *Bailey v. United States,* — U.S. —, 133 S. Ct. 1031 (2013), clarified, to her advantage, the scope of a proper detention pursuant to *Michigan v. Summers,* 452 U.S. 692 (1981). *Bailey,* 133 S. Ct. at 1041-42 (confining an officer's authority to detain a person under *Summers* to the immediate vicinity of the premises to be searched). (Pet. 5-7 & Pet'r's Mem. 3-9, ECF No. 1.) In 2013 Petitioner raised the same or similar claims in this Court via various motions seeking "habeas-corpus type collateral relief" and was informed that she must first seek and be granted authorization by the United States Courts of Appeals for the Fifth Circuit Court to file a successive § 2255 motion. (Resp't's App. 3-5, ECF No. 6.) Petitioner did not seek such authorization. Respondent has filed a response asserting that Petitioner cannot meet the requirements under § 2255's "savings clause" and, thus, the petition should be dismissed for lack of subject-matter

2

jurisdiction. (Resp't's Answer 1-5, ECF No. 5.)

## II. DISCUSSION

A habeas petition under § 2241 is generally used to challenge the manner in which a sentence is executed and a § 2255 motion is the primary means under which a federal prisoner may collaterally attack the legality of a conviction. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). A § 2241 petition attacking a federal conviction may only be considered if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). In order to meet this burden, a petitioner must show that (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time it should have been raised in the petitioner's trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Petitioner asserts that a § 2255 motion is inadequate or ineffective because of the procedural restrictions on filing a § 2255 motion, because her claims were foreclosed by Fifth Circuit case law at the time of her first § 2255 motion, and because she brings the petition under the miscarriage-of-justice, actual-

3

innocence exception under *McQuiggin*. (Pet. 8, ECF No. 1.) A §2241 petition, however, is not a substitute for a § 2255 motion. The remedy under § 2255 is inadequate or ineffective only in extremely limited circumstances. *Pack v. Yusuff*, 218 F.3d 448, 452-53 (5th Cir. 2000). Petitioner cannot rely on § 2241 merely because she may be time-barred from seeking relief under § 2255, cannot meet the successive requirements, or filed a prior unsuccessful § 2255 motion. *Id.* at 453 (prior, unsuccessful § 2255 motion, limitations bar, and successiveness do not render § 2255 remedy inadequate or ineffective). Petitioner's proper course of action was to seek authorization from the Fifth Circuit to file a successive § 2255 motion as informed.

Nor does Petitioner rely upon a retroactively applicable Supreme Court decision that establishes that she is actually innocent. Petitioner has not shown that the Supreme Court has expressly declared *McQuiggin* or *Bailey* to be retroactively applicable to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, (2001) (holding that a new rule is not made retroactive to cases on collateral review unless the Supreme Court expressly holds it so). Additionally, *McQuiggin* holds that a petitioner who asserts a credible claim of actual innocence may be able to overcome a procedural or time bar in an initial habeas-corpus petition under 28 U.S.C. § 2254 (*i.e.,* a habeas application filed by a *state* prisoner). That case does not apply here because Petitioner is

4

challenging a federal conviction. Petitioner's argument that the actual-innocence and miscarriage-of-justice standards provide an exception to the § 2255 savings clause requirements fails, as there is no authority extending the actual-innocence gateway to permit § 2241 proceedings. *Perez v. Stephens,* No. 14-50484, 593 Fed. Appx. 402, 403, 2015 WL 576845 (5th Cir. Feb. 12, 2015), *cert. denied,* 135 S. Ct. 2881 (2015).

In conclusion, Petitioner has not met the criteria required to invoke the savings clause of § 2255 in favor of the claims presented in this habeas-corpus proceeding. The Court is therefore without jurisdiction to consider the petition. *Christopher v. Miles*, 342 F.3d 378, 385 (5th Cir. 2003). Because Petitioner's claims do not fall within the savings clause of § 2255(e), they are not cognizable in a § 2241 petition.

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. The Court further DENIES a certificate of appealability because Petitioner has neither alleged nor demonstrated that she is entitled to proceed under 28 U.S.C. § 2241.

SIGNED May 12, 2016.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

5